IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REYNOLDS WILLIAMS, | C/A No. 4:11-2316-RBH-KDW |
| Plaintiff, | |
| vs. | |
| THE UNITED STATES OF AMERICA, | REPORT AND RECOMMENDATION |
| Defendant. | |

I. Background

Plaintiff Reynolds Williams ("Plaintiff" or "Williams") brought suit against the United States after the federal Transportation Security Administration (hereinafter "TSA") denied his claim regarding property the TSA allegedly lost, converted, or stole. Compl. ECF No. 1. This case is before the court[1] on the Motion to Dismiss of Defendant United States of America ("Defendant" or "the USA"). ECF No. 17. Plaintiff brings causes of action for bailment, conversion, and negligence. *Id.* ¶¶ 11-13. Defendant moves to dismiss Plaintiff's Complaint and end this action, arguing that the court lacks subject matter jurisdiction to hear portions of this matter and that Plaintiff has not set forth allegations sufficient to state a claim for which relief can be granted. ECF No. 17. Plaintiff responded to Defendant's motion, ECF No. 22, making this matter ripe for consideration.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C, which provides for all pretrial proceedings involving litigation by individuals proceeding pro se be referred to a United States Magistrate Judge. Although Plaintiff in this action is a practicing, licensed attorney, because he is representing himself, this matter was automatically referred for pretrial proceedings. Because the motion to dismiss is a dispositive one, this report and recommendation is entered for the district judge's consideration.

The Federal Tort Claims Act waives sovereign immunity as to the United States, and a lawsuit against the United States shall be the exclusive remedy for those with claims against the United States for "money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment." 28 U.S.C. § 1346(b)(1). Furthermore, 28 U.S.C. § 1346(b)(1) states that "the law of the place where the act or omission occurred" will govern. Thus, under these circumstances, the United States is equivalent to a private citizen who is subject to the laws of the place where the injury occurred. *See* 28 U.S.C. § 1346(b)(1). Here, the parties agree that Illinois substantive law applies. *See Matthews v. United States*, 825 F.2d 35, 36 (4th Cir. 1987); *see also Piggott v. United States*, 480 F.2d 138, 140 (4th Cir. 1973).

II. Standard of Review

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Motions brought pursuant to Rule 12(b)(1) challenge whether the district court has jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in one of two ways: as a facial attack or as a factual attack. *See Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988).

A facial attack questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction; the court analyzes a facial attack as it would a motion to dismiss under Rule 12(b)(6) such that "[t]he allegations in the complaint are taken as true, and materials outside the pleadings are not considered." *Id.* A factual attack challenges the truthfulness of the jurisdictional allegations in the complaint, *id.*, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213,1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987)). However, if the court considers matters outside the pleadings, the court should apply the standard applicable to a motion for summary judgment. *Id.* Accordingly, to prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta*, 813 F.2d at 1559); *see also Dira v. Deutch*, 149 F.3d 1167, 1998 WL 276236, at *1 (4th Cir. May 26, 1998) (unpublished table decision) ("When such 'factual' challenges are asserted, a trial court may go beyond the allegations of the complaint, weigh the evidence, and satisfy itself as to its jurisdiction to hear the case."). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Trentacosta*, 813 F.2d at 1558).

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should

"accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

III. Facts

Plaintiff avers that at approximately 9:00 a.m. on May 18, 2011, he checked luggage for U.S. Air flights from the O'Hare airport in Chicago, Illinois to the Florence, South Carolina

4

airport. Compl. ¶ 5, ECF No. 1. He indicates he had packed his own luggage before leaving his Chicago hotel room and that he had a laptop computer and accessories, as well as an electronic reader and accessories in his suitcase. *Id.* ¶ 7. Plaintiff states that he followed the procedure mandated by the TSA when he "hand carried the checked luggage form the U.S. Air counter at the airport and handed it to a uniformed officer wearing TSA designation, presenting TSA credentials, and standing at the TSA desk to the extreme left side of the U.S. Air counter at O'Hare airport. The Plaintiff watched the TSO agent carry the luggage into the TSA inspection area where passengers are not allowed." *Id.* ¶ 5.

At approximately 6:00 p.m. on the same date, Plaintiff "watched [his] luggage come through the falling door of a treadmill at the Florence, South Carolina airport and personally retrieved the two pieces of luggage, personally carried the luggage to his car, and transported it to his house." *Id.* ¶ 6. When Plaintiff opened the luggage at his Florence home, the computer, e-reader, and accessories were not in the suitcase in which they had been packed. *Id.* "In their stead there was a TSA Form 1000 Notice from the Defendant that it had opened the suitcase." *Id.*

Plaintiff avers that he timely filed a claim against the TSA pursuant to the Federal Tort Claims Act ("FTCA") on May 19, 2011, and the TSA denied the claim on July 27, 2011. *Id.* ¶¶ 3-4. He submits that vests the court with jurisdiction,[2] *id.*¶ 4, and he filed his Complaint on January 3, 2012. ECF No. 1. Plaintiff brings causes of action for bailment, conversion, and negligence; he seeks $2,362.69 in damages. *Id.*¶¶ 10-13.

IV. Analysis

Defendant submits the following separate legal grounds on which it claims Plaintiff's Complaint should be dismissed: (1) Plaintiff has failed to state a bailment cause of action upon which relief can be granted; (2) the court lacks jurisdiction to consider Plaintiff's conversion

---
[2] Defendant does not question whether Plaintiff exhausted administrative remedies.

cause of action because the FTCA does not waive sovereign immunity for acts of its agents acting outside the scope of their employment; and (3) Plaintiff has failed to state a negligence cause of action upon which relief can be granted.

Plaintiff argues that he provided sufficient facts to survive Defendant's Rule 12(b)(6) motion. Pl.'s Resp., ECF No. 22. He also submits his affidavit, ECF No. 22-1, in which he includes several additional facts to "amplif[y]" his Complaint.[3] Although he makes no formal motion to amend, Plaintiff requests that he be permitted to amend the Complaint if the court finds it does not provide sufficient notice. Pl.'s Resp. 3.

### A. Plaintiff's Conversion Claim

Defendant argues the court has no jurisdiction to consider Plaintiff's conversion claim because the FTCA does not waive sovereign immunity for acts of an employee acting outside the scope of his employment. Def.'s Mem. 9-14. Mindful that the court may not further consider matters over which it has no subject matter jurisdiction, the court considers this portion of Defendant's motion first.[4]

Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and its agencies cannot be sued without their express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued

---

[3] The court has not considered Plaintiff's affidavit in connection with its ruling on Defendant's Rule 12(b)(6) motion. To do so would convert Defendant's Rule 12(b)(6) motion into one for summary judgment, Fed. R. Civ. P. 12(d), which would not be appropriate at this stage of the litigation. *See E.I. du Pont de Nemours and Co. v. Kolon Indust., Inc.*, 637 F. 3d 435, 448-49 (4th Cir. 2011). In that case, the court noted a district court need not convert a Rule 12(b)(6) motion into a motion for summary judgment to consider a document outside the complaint when the document was integral to and explicitly relied on in the complaint and there was no authenticity challenge[.]" *Id.* at 448(internal citation and quotations omitted). However, the court found consideration of other types of documents in ruling on a Rule 12(b)(6) motion required conversion to a summary judgment motion, which would not be appropriate when the parties had "not had an opportunity for reasonable discovery." *Id.* at 448-49 (internal citations omitted).
[4] The undersigned notes, however, that Defendant seeks a Rule 12(b)(1) dismissal only as to the conversion cause of action and a portion of the negligence cause of action.

without its consent and that the existence of consent is a prerequisite for jurisdiction."). In accordance with the doctrine of sovereign immunity, an action against the United States may be maintained only when it has expressly consented to being sued. *See Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005). When the United States waives its sovereign immunity, the terms of its waiver define the extent of a court's jurisdiction and a court may not extend or narrow the waiver beyond that intended by Congress. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

One of the few areas in which the United States waives its sovereign immunity is in the area of actions for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). In considering whether a federal agency is liable for alleged tortious acts of its employee, a court must consider whether the employee was acting within the scope of his employment under the relevant state law at the time the act was committed. In the Fourth Circuit, this limitation is jurisdictional. *Kerns v. United States*, 585 F.3d 187, 195 (4th Cir. 2009); *see Khatami v. Compton*, C/A No. 11-CV-1769-AW, 2012 WL 503724, at *3 (D. Md. Feb. 13, 2012) (noting "preliminary inquiry in many FTCA cases is whether the federal employee acted within the scope of her employment when she committed the alleged tort.").

Here, Defendant argues Plaintiff's conversion claim cannot be considered in this court because any theft of Plaintiff's property by a TSA employee would not have been undertaken within the scope of his or her employment with TSA. Def.'s Mem. 9. Defendant argues that, based on Illinois substantive law, Plaintiff cannot establish that any TSA employee who stole Plaintiff's property would have been acting with the course and scope of his employment. *Id.* at 9-14.

Plaintiff does not specifically counter Defendant's jurisdictional argument. Although he generally submits that the court has subject matter jurisdiction based on Sections 2675(a) and 1346(b) of Title 28, and that he cited those code sections in the Complaint, Pl.'s Resp. 1, he does not address Defendant's argument that any TSA-employee theft of his personal property would not be considered to have been within the scope of employment. Instead, Plaintiff generally describes Defendant's challenges to the Complaint's tort causes of action as arguing the Complaint offered only "'the most speculative indirect evidence.'" Pl.'s Resp. 4. He submits he has pleaded sufficient facts. *Id.*

The undersigned agrees with Defendant that the FTCA precludes jurisdiction over Plaintiff's conversion claim. Illinois applies the Restatement (Second) of Agency to determine whether an employee is acting with the scope of employment. *See Pyne v. Witmer*, 543 N.E.2d 1304, 1308-09 (Ill. 1989) (citing Restatement (Second) of Agency §§ 219, 228-37 (1958)). Under the Restatement, "[c]onduct of a servant is within the scope of employment if, but only if: . . . it is of the kind he is employed to perform [and] it is actuated, at least in part, by a purpose to serve the master." Restatement (Second) of Agency § 228(a). In other words, "[c]onduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits or too little actuated by a purpose to serve the master." *Id.* § 228(b). Interpreting Illinois law, the Seventh Circuit found an employee was not acting within the scope of employment unless his or her acts were "'actuated, at least in part, by a purpose to serve the master.'" *Taboas v. Mlynczak*, 149 F.3d 576, 583 (7th Cir. 1998) (quoting *Pyne*, 543 N.E.2d at 1308).

Defendant also cites *Amberg-Blyskal v. Transportation Security Admininstration*, 832 F. Supp. 2d 445 (E.D. Pa. 2011), in support of its argument. In *Amberg-Blyskal*, the court

considered facts similar to those at bar and determined that, pursuant to Pennsylvania's substantive law, the court did not have jurisdiction over the plaintiff's FTCA complaint. The court granted Defendant's Rule 12(b)(1) motion to dismiss, finding TSA "does not hire employees to steal personal belongings from airline passengers[]" and plaintiff's allegations were not sufficient to establish any alleged theft was done with the purpose of serving TSA as employer. 832 F. Supp. 2d at 448-49.

Similarly, the undersigned finds Plaintiff has not established sufficient facts that any TSA employee or employees who may have stolen his personal property from his checked luggage were acting with the scope of their TSA employment. Accordingly, the undersigned recommends Defendant's Rule 12(b)(1) motion be granted as to Plaintiff's conversion cause of action.

### B. Plaintiff's Negligence Claim

Plaintiff's negligence cause of action avers, in full, as follows: "Defendant lost the most valuable part of the content of [his] luggage through its negligence, carelessness, recklessness, willfulness, and wanton disregard for the Plaintiff's rights in his property." Compl. ¶ 13. Defendant argues Plaintiff's negligence claim should be dismissed pursuant to Rule 12(b)(6), arguing the Complaint contains only "the most speculative indirect evidence that a TSA employee was responsible for the theft." *Id.* at 14-15. Defendant further argues that Plaintiff's pleading does not include any facts indicating a potentially viable negligence claim.

Plaintiff does not respond specifically to Defendant's grounds for seeking dismissal of the negligence claim. Rather, as set forth above, he submits that his tort causes of action provide sufficient notice of his claims and offers some additional information in an affidavit he attaches to his response. ECF No. 22 at 4, *see* ECF No. 22-1.[5]

---

[5] As discussed above, the court has not considered Plaintiff's affidavit in ruling on Defendant's Rule 12(b)(6) motion.

The court agrees with Defendant. Plaintiff's negligence claim does not contain the barest pleading of facts tending to show the rudimentary elements of a negligence cause of action: the existence of a duty owed by Defendant; a breach of that duty; and an injury proximately caused by that breach. *See Bermudez v. Martinez Trucking*, 796 N.E.2d 1074, 1078 (Ill. Ct. App. 2003) (setting out basic elements of Illinois negligence law). Plaintiff has not pleaded and cannot establish that Defendant owed him a specific duty to safeguard his personal property. *See Errivares v. Transp. Sec. Admin.*, Civil Action No. DKC 09-1138, 2010 WL 610774 (D. Md. 2010). In that case, the court granted TSA's Rule 12(b)(6) motion, finding plaintiff had not sufficiently pleaded a negligence claim against TSA for a laptop computer's disappearance. The court found that, even if it inferred that TSA "had a legal duty of care towards the contents of [plaintiff's bag]" and that the missing computer had been in the handbag when carried through security, plaintiff had not provided information "linking the computer's disappearance to the TSA officer: *i.e.* it may have been stolen or misplaced at any time between when [plaintiff] left the security checkpoint and when he discovered it was missing [at his destination]." *See also Fulda v. Trans. Sec. Admin.*, Civil Action No. CCB-08-00159, 2008 WL 4056186 (D. Md. Aug. 20, 2008) (finding plaintiffs could not demonstrate TSA owed a duty for purposes of negligence cause of action; granting defendant TSA's Rule 12(b)(6) motion).

Similarly, Plaintiff's negligence cause of action should not withstand Defendant's Rule 12(b)(6) challenge. Taking Plaintiff's allegations as true, and inferring, arguendo, Plaintiff could establish that Defendant owed a duty of care in this scenario, Plaintiff "do[es] not permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679.

Accordingly, Defendant's Rule 12(b)(6) motion should be granted as to Plaintiff's negligence claim.⁶

### C. Plaintiff's Bailment Claim

Defendant moves to dismiss Plaintiff's bailment cause of action pursuant to Rule 12(b)(6). Def.'s Mem. 2-8. Defendant submits Plaintiff cannot establish a bailment cause of action because Plaintiff cannot show that *Defendant* failed to return Plaintiff's property. Def.'s Mem. 3 (citing *Indem. Ins. Co. of N. America v. Hanjin Shipping Co.*, 348 F.3d 628, 637-38 (7th Cir. 2003)). Defendant submits Plaintiff's bailment cause of action is deficient under *Iqbal* because Plaintiff has not pleaded facts that suggest the property went missing "during the few minutes TSA presumably inspected Plaintiff's bag[,]" Def.'s Mem. 4, permitting the court to infer no more than the "'mere possibility of misconduct,'" *id.* (quoting *Iqbal*, 556 U.S. at 679)).

Illinois law requires a plaintiff to establish the following elements to show a prima facie case of bailment:

> "'(1) an agreement by the bailor to transfer or deliver and the bailee to accept *exclusive* possession of goods for a specified purpose'; (2) 'the actual delivery or transfer of *exclusive* possession of the property of the bailor to the bailee'; and (3) 'acceptance of *exclusive* possession by the bailee.'"

*In re Midway Airlines, Inc.*, 383 F.3d 663, 671 (7th Cir. 2004) (emphases added) (quoting *Spirit of Excellence, Ltd. v. Intercargo Ins. Co.*, 777 N.E.2d 660, 670 n.1 (Ill. Ct. App. 2002)).

---

⁶ Defendant also briefly argues that, to the extent Plaintiff's Complaint is construed to set forth a claim for negligent supervision, such claim should be dismissed for want of FTCA jurisdiction. Def.'s Mem. 15-16. Plaintiff's Complaint references no policies and does not indicate it is a claim for negligent supervision, and the undersigned does not construe it as such. To the extent it were so construed, the court agrees with Defendant. Defendant's alleged actions or inactions could have taken place only through its employees. *See Amberg-Blyskal v. Trans. Sec. Admin.*, Civil Action No. 10-06818 (E.D. Pa. Sept. 26, 2011) (dismissing plaintiff's claims of negligent supervision for lack of jurisdiction because they raised no independent duty owed to plaintiff and were impermissible under FTCA) [hereinafter "*Amberg-Blyskal II*"]. Recasting the claim that a government employee stole property as one for negligent supervision would be an impermissible end-run around a claim otherwise precluded by the FTCA. *Id.* at *2.

Defendant submits that Plaintiff has not pleaded facts indicating TSA took *exclusive* possession, nor can he.

In response, Plaintiff addresses several of Defendant's points, but never addresses the argument that exclusive possession of his property is required and that TSA did not take exclusive possession of his luggage. Notably, though, the case Plaintiff initially cites in setting out the elements of a bailment claim under Illinois law, *Wright v. Autohaus Fortense, Inc.*, 472 N.E.2d 593 (Ill. Ct. App. 1984), the court indicated the necessary elements of bailment as: an agreement that the bailee "accept *exclusive* possession" of goods; "the actual delivery or transfer of *exclusive* possession" of the property to bailee; and "acceptance of *exclusive* possession" by the bailee. *Id.* at 595 (emphases added).

Plaintiff does not aver that Defendant ever took exclusive possession of his luggage. *Cf. Compl.* ¶ 5 (Plaintiff checked luggage for two US Air flights); *id.*(Plaintiff handed luggage to TSA agent and watched him carry it to inspection area where passengers not allowed); *id.* ¶ 6 (approximately 9 hours later, Plaintiff watched luggage come through luggage treadmill at destination airport). Plaintiff cannot establish that TSA had exclusive control of his luggage. As with his negligence claim, Plaintiff can show no more than the "mere possibility of misconduct" by Defendant. *Iqbal*, 556 U.S. at 679. Defendant's Rule 12(b)(6) motion should be granted as to Plaintiff's bailment claim.

V.    Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss, ECF No. 17, be granted and Plaintiff's Complaint dismissed.

IT IS SO RECOMMENDED.

July 19, 2012　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**