IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reynolds Williams, ) | Civil Action No.: 4:11-cv-02316-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| The United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Reynolds Williams ("Plaintiff") filed the above action against Defendant the United States of America ("Defendant") alleging that the federal Transportation Security Administration ("TSA") lost or stole certain electronic devices and accessories. [*See* Compl., Doc. # 1.][1] This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[2] [R&R, Doc. # 24.] In the R&R, the magistrate recommends that the Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint. Plaintiff timely filed Objections to the R&R on July 24, 2012 [Obj., Doc. # 26], to which Defendant replied on August 3, 2012 [Reply to Obj., Doc. # 28].

For the following reasons, the Court finds that Defendant's Motion to Dismiss should be granted in part, and denied in part.

---

[1] As of the date of this Order, this case, centered on electronics valued at approximately $2,000, has generated twenty-eight docket entries, five substantive filings from the parties totaling more than seventy pages, and orders from a federal magistrate and a district court judge totaling more than twenty pages. And an answer has yet to be filed! The Court strongly encourages the parties to discuss a possible resolution to this low-value matter before incurring any further costs, and moreover, before expending more of the federal judiciary's already limited resources.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge West for pretrial handling.

**Factual Background**

Plaintiff alleges that on the morning of May 18, 2011, he checked luggage for a flight from the O'Hare airport in Chicago, Illinois to the Florence, South Carolina airport. [Compl., Doc. # 1, at ¶ 7.] In his luggage, which Plaintiff states he packed himself before leaving his hotel, Plaintiff placed a laptop computer, an electronic reader, and related electronic accessories. [*Id.* ¶ 7.] Upon arriving at the airport, Plaintiff claims he carried his luggage from the airline counter and handed it to a uniformed TSA officer. [*Id.* ¶ 5.] Later that evening, Plaintiff indicates he collected his luggage at the Florence airport baggage claim immediately after the luggage made its way onto the conveyer belt. [*Id.* ¶ 6.] After returning home and opening the luggage, Plaintiff claims the laptop computer, electronic reader, and related electronic accessories were missing; and within the luggage was an official notice indicating TSA had opened the checked baggage. [*Id.* ¶ 8.]

After TSA denied a claim regarding the missing electronic devices and accessories, Plaintiff filed the lawsuit at issue. [*Id.* ¶¶ 3–4.] Plaintiff seeks $2,362.69 in damages under three causes of action: bailment, negligence, and conversion. [*Id.* ¶¶ 10–13.] On November 21, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), along with a memorandum in support. [Mot. to Dismiss, Doc. # 17.] Plaintiff filed his Response on January 3, 2012. [Pl.'s Resp., Doc. # 22.]

**Standard of Review**[3]

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination

---

[3] The standard of review governing motions to dismiss under Rules 12(b)(1) and 12(b)(6) were addressed by the magistrate in her R&R. [*See* R&R, Doc. # 24, at 2–4.]

remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins.* Co., 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

Plaintiff's objections discuss both substantive and procedural aspects to the magistrate's findings in her R&R. The Court will address each in turn.

## I. Substantive objections

As an initial matter, Plaintiff did not object to the magistrate's finding that his conversion claim should be dismissed. [*See* R&R, Doc. # 24, at 6–9;  Obj., Doc. # 26, at 1–6.] Having reviewed

the R&R on this point, this Court agrees with the magistrate that dismissal of this claim is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1). As discussed more thoroughly by the magistrate, Defendant has not waived its sovereign immunity for actions committed by its employees which are outside the scope of employment. Thus, even accepting Plaintiff's conversion allegations as true, the claim cannot be considered by this Court because any theft of Plaintiff's property by a TSA employee could not have been undertaken within the scope of his or her employment with TSA.[4] *See Kerns v. United States*, 585 F.3d 187, 195 (4th Cir. 2009) ("[Federal Tort Claims Act [FTCA] plaintiff bears the burden of establishing . . . that the Government employee was acting within the scope of his or her employment at the time of the accident.").

Plaintiff did, however, object to the magistrate's finding that his causes of action for bailment and negligence should be dismissed for failure to state a claim. [*See* Obj., Doc. # 26, at 3–6.] For the reasons discussed below, the Court agrees that dismissal of these two causes of action is inappropriate.

A. Bailment

The magistrate held that Plaintiff's bailment claim should fail because he "cannot establish that TSA had exclusive control of his luggage." [R&R, Doc. # 24, at 12.] Plaintiff argues that, contrary to the magistrate's finding, TSA took exclusive control during its inspection of Plaintiff's luggage, and that this exclusive control gives rise to a bailment relationship. [Obj., Doc. # 26, at 4.]

Illinois law[5] requires that a plaintiff establish the following elements to show a *prima facie*

---

[4] For this reason, any portion of Plaintiff's remaining claims which purport to allege that TSA employees stole Plaintiff's property is similarly unavailing and may not go forward in this action.

[5] The parties both agree Illinois law governs this actions, and have based their arguments upon application of Illinois law.

4

case of bailment:

> (1) an agreement by the bailor to transfer or deliver and the bailee to accept exclusive possession of goods for a specified purpose; (2) 'the actual delivery or transfer of exclusive possession of the property of the bailor to the bailee'; and (3) 'acceptance of exclusive possession by the bailee.

*In re Midway Airlines, Inc.*, 383 F.3d 663, 671 (7th Cir. 2004) (quoting *Spirit of Excellence, Ltd. v. Intercargo Ins. Co.*, 777 N.E.2d 660, 670 n.1 (Ill. App. Ct. 2002)).

This Court acknowledges that whether Plaintiff has sufficiently pled a *prima facie* case for bailment, so as to survive a motion to dismiss for failure to state a claim, is a close call. Certainly, as Plaintiff himself acknowledges in his Objections, Plaintiff alleges that both TSA and the airline had possession of his luggage at different times. [*See* Obj., Doc. # 26, at 5 ("[Plaintiff] gave his luggage to TSA for the specified purpose of inspecting it and then delivering it to [the airline]."). ] However, in "draw[ing] all reasonable inferences in [Plaintiff's] favor,"[6] the Court can also infer that Plaintiff has alleged that his electronic devices and accessories went missing while his luggage was in the exclusive possession of TSA – in other words, that TSA had a window of exclusive control. [*See* Compl., Doc. # 1, at ¶¶ 5, 8, 11, and 13 (alleging that TSA took initial, sole possession of the baggage, that a notice was found in the baggage indicating that TSA had opened luggage, and that TSA lost the electronic devices and accessories.)]

Therefore, Plaintiff has alleged that while TSA's possession of his luggage was not exclusive for the entire duration of his trip, TSA retained exclusive possession of his luggage during the interval when his electronic devices and related accessories went missing.[7] Thus, the question faced

---

[6] *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[7] It may very well be that Plaintiff will be unable to prove that TSA was in exclusive possession of his luggage *at the time* of the alleged loss. While this would be potentially fatal to Plaintiff's case at the summary judgment stage of these proceedings, at this stage the Court must accept

5

by this Court is whether, under Illinois law, a *prima facie* case for bailment can exist when damage (or loss) to property occurs during a window of exclusive possession by a putative bailee, even though the putative bailee transfers the property to a third party responsible for delivering the property to the putative bailor.

Although no Illinois case appears to squarely address this issue, several cases applying Illinois law appear to support the contention that, accepting Plaintiff's allegations as true, a *prima facie* case for bailment is, at least, *plausible* under the circumstances alleged in the Complaint. *See, e.g.*, *Lang v. City of Posen*, No. 07 C 7274, 2008 WL 4089313, at *5 (N.D. Ill. Aug. 21, 2008) (applying Illinois law) ("A bailee may recover damages from a third party for injury to the bailed property during the term of the bailment . . . ."); *Spirit of Excellence, Ltd. v. Intercargo Ins. Co.*, 777 N.E.2d 660, 670 n.1 (Ill. App. Ct. 2002) (emphasis added) (rejecting bailment argument because "the record does not support [plaintiff's] theory that [the bailee] was in *physical possession. . . at the time of loss*"); *Wright v. Autohaus Fortense, Inc.*, 472 N.E.2d 593, 635 (Ill. App. Ct. 1984) (finding a *prima facie* case of bailment and holding that exclusive possession by car lot was shown because, even though the car owner also had access to the damaged property, the damage occurred while in the car lot and there was no evidence that the car owner accessed the property until after the damage occurred); *Parker v. Illinois*, No. 97-CC-1063, 2000 WL 33593155, at *1 (Ill. Ct. Cl. May 24, 2000) (emphasis added) ("Where [a party] inventories items and takes exclusive possession of them, a bailment is created and, where there is subsequent loss of, or damage to, the bailed property *while in the bailee's possession* a presumption of negligence is raised . . . .").

In its Reply, Defendant notes that "courts throughout the country have rejected similar

---

Plaintiff's assertion as true.

6

negligence, bailment and conversion claims brought by passengers against the TSA involving allegedly lost or stolen property from checked baggage or at passenger screening checkpoints." [Reply to Obj., Doc. # 28, at 2]. However, an examination reveals that the cases relied upon by the Defendant either deal with jurisdictional issues under the FTCA, which this Court has addressed in Defendant's favor, or examine the issues pursuant to a more exacting summary judgment standard. [*See* Reply to Obj., Docs. # 28-1 through 28-5 (attaching various cases).] In fact, this Court has thoroughly reviewed the cases submitted by Defendant and notes that, although Rule 12(b)(6) was discussed in one of the cases, not a single case was *decided* under Rule 12(b)(6). [*Id.*][8] Thus, as to Plaintiff's bailment claim, Defendant's Motion to Dismiss is denied.

B. Negligence

The magistrate held that Plaintiff's negligence claim should also be dismissed because "Plaintiff has not pleaded and cannot establish that Defendant owed him a specific duty to safeguard his personal property." [R&R, Doc. # 24, at 10.] In his objection, Plaintiff argues that his claim should survive because his alleged bailment relationship establishes "a presumption of negligence on the part of the" TSA. [Obj. Doc. # 26, at 5.]

Like the cause of action for bailment, whether Plaintiff's negligence claim survives a motion to dismiss for failure to state a claim is a close question. Illinois law imposes a presumption of

---

[8] The Court notes that in its own research of case law throughout the country, it has discovered that reported bailment cases against the TSA are quite rare and further support this Court's holding. *See, e.g.*, *Amberg-Blyskal v. TSA*, No. 10–06818, 2011 WL 4470883, at *3 (E.D. Pa. Sept. 26, 2011) (granting the defendant's motion to dismiss under Rule 12(b)(6) *but only after* explaining that plaintiff stated in the complaint "that either the TSA or [the airline] had possession of her luggage" at the time of the loss); *Fulda v. TSA*, No. CCB-08-00159, 2008 WL 4056186, at *3 (D. Md. Aug. 20, 2008) (granting the defendant's motion to dismiss *but only after* considering matters outside the pleadings to determine that plaintiff failed to promptly notify authorities and that plaintiff admitted that he believed a relative had taken the property).

7

negligence when a party is able to make a *prima facie* case for bailment. *Magee v. Walbro, Inc.*, 525 N.E.2d 975, 977–78 (Ill. App. Ct. 1988). For the reasons discussed above, Plaintiff has sufficiently alleged such a *prima facie* case. It logically follows, then, that under Illinois law Plaintiff has a *plausible* claim for negligence.

Despite certain contentions from Defendant in its original Motion to Dismiss, the fact that Plaintiff has pled bailment and negligence as separate causes of action is not problematic.[9] "It is hornbook law that a bailor may maintain any action against a bailee in contract (if the bailee has failed to perform an *obligation*) or in tort (if the bailee has *breached a recognizable duty*)." *D'Napoli Food Products, Ltd. v. Wisconsin Farm Lines, Ltd.*, No. 85 C 668, 1985 WL 1376, at * 1 (N.D. Ill. May 16, 1985) (applying Illinois law) (emphasis added); *see also Liddle v. Salem School Dist. No. 600*, 619 N.E.2d 530, 532 (Ill. App. Ct. 1993) ("A plaintiff seeking to plead a bailment cause of action has the option of proceeding in tort or contract."). In his Complaint, Plaintiff alleged a bailment cause of action, arguing that Defendant had an "obligation" to return the luggage with its contents intact. [Compl., Doc. # 1, at ¶ 11.] Further, Plaintiff alleged a negligence cause of action arguing that Defendant was negligent in losing the contents of Plaintiff's luggage. [*Id*. at ¶ 13.] As discussed throughout this Order, accepting as true all of Plaintiff's allegations, and viewing the Complaint in a light most favorable to him, Plaintiff has alleged both an action for breach of bailment and negligence stemming from the bailment of his luggage with TSA. *Anzalone v. Kragness*, 826 N.E.2d 472, 473 (Ill. App. Ct. 2005) (explaining that plaintiff had brought claims for

---

[9] In their original Motion to Dismiss, Defendant argued that Plaintiff's bailment claim should be dismissed because bailment is not an independent cause of action under Illinois law. [*See* Mot. to Dismiss, Doc. # 17-1, at 2–3.] The magistrate never addressed this argument in her R&R, nor did Defendant reference the argument in its Reply to Plaintiff's Objections. [Reply to Obj., Doc. # 28, at 1–31.] To the extent Defendant has not abandoned this argument, for the reasons discussed herein, the Court finds it to be without merit at this stage.

8

"breach of bailment" and "negligence").

Although Plaintiff may not ultimately prevail under both negligence and breach of contract theories, he may plead both in the alternative. *See Hanjin Shipping Co., Ltd. v. Norfolk S. Ry. Co.*, No. 07 C 0355, 2007 WL 1148978, at *1 (N.D. Ill. April 13, 2007) (explaining that a party pled causes of action based in both contract and tort, including indemnification for breach of bailment and negligence); *Bi-Petro Refining Co., Inc. v. Hartness Painting, Inc.*, 458 N.E.2d 209, 212 (1983) (Webber, J., concurring) (noting "[i]t is possible to plead both contract and tort in the same complaint, but in different counts"). Therefore, at this stage, this Court must deny Defendant's Motion to Dismiss Plaintiff's negligence claim.

## **II.** **Procedural objections**

Plaintiff filed the following procedural objections to the magistrate's R&R: (1) the magistrate erred in not allowing Plaintiff to amend his complaint; and (2) the magistrate erred by not converting the Motion to Dismiss into a motion for summary judgment in order to consider Plaintiff's affidavit. [Obj. Doc. # 26, 1–3.] In light of this Court's ruling regarding Plaintiff's bailment and negligence claims, the Court overrules these objections.

As to the request to amend, Plaintiff never filed a formal motion to amend. Further, Plaintiff merely requested in his Response to Defendant's Motion to Dismiss that he be allowed to amend a single paragraph in his Complaint to further explain his bailment cause of action. [Pl.'s Resp., Doc. # 22, at 3.] Because this Court has found that Plaintiff adequately stated a bailment cause of action, such an amendment would be futile.

Plaintiff's argument that the magistrate should have considered the affidavit, and accordingly converted the Motion at issue into one for summary judgment, is similarly without merit. The

9

affidavit referenced by Plaintiff merely sheds additional light on the factual underpinnings of his bailment and negligence claims. [Pl.'s Aff., Doc. #22-1, at 1– 4.] The affidavit says nothing that would aid in Plaintiff's conversion claim – the only claim that this Court has dismissed. Further, as Defendant itself argues in its Reply, to convert the Motion to Dismiss into one for summary judgment "would be inappropriate at this stage of the litigation because the parties had not yet had an opportunity to undertake discovery." [Reply to Obj., Doc. # 28, at 2.] The Court agrees, and overrules this objection.

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and rejects and overrules the magistrate's R&R as to the bailment and negligence claims, and adopts the magistrate's R&R as to the conversion claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. # 17] is **GRANTED** *in part,* and **DENIED** *in part* as follows:

(1) Defendant's Motion to Dismiss Plaintiff's cause of action for conversion pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED** and Plaintiff's conversion claim is **DISMISSED**.

(2) Defendant's Motion to Dismiss Plaintiff's causes of action for bailment and negligence pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED**.

**IT IS SO ORDERED**.

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
August 22, 2012